■ In the Matter of Town of Ramapo, Appellant, v Elin M. Howe, as Commissioner of the New York Office of Mental Retardation and Developmental Disabilities et al., Respondents. [614 NYS2d 276] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York Office of Mental Retardation and Developmental Disabilities, dated April 6, 1992, which, after a hearing, rejected the petitioner's objection to the location of a proposed community residential facility, and appeal by the petitioner from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated June 18, 1992, as, upon transferring the proceeding to this Court for a determination of the substantial evidence issue, dismissed so much of the proceeding as sought to annul the determination based on alleged violations of the State Administrative Procedure Act.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Adjudged that the determination is confirmed and the portion of the proceeding seeking review of the determination

pursuant to CPLR 7803 (4) is dismissed on the merits; and it is further,

Ordered that the respondents are awarded one bill of costs.

We find no merit to the petitioner's claim that the Commissioner's determination was not based on substantial evidence. Under the Mental Hygiene Law, the petitioner had the burden of adducing concrete and convincing evidence that the establishment of the proposed facility would result in both an overconcentration of similar facilities in the area and a substantial alteration of the nature and character of the community (see, Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, 166 AD2d 709). We find no such concrete and convincing evidence in the record before us which would support the petitioner's objection to the establishment of a supervised community residential facility for up to nine developmentally disabled adults. The Commissioner's determination is supported by substantial evidence (see, CPLR 7803 [4]), and is not arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.